IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 03-20336 Ml |
| ) | |
| ROBERT KIMBRELL, ) | |
| ) | |
| Defendant. ) | |

ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER
AND DENYING GOVERNMENT'S MOTION FOR GENERAL CONTINUANCE

This cause is before the Court on the motion of Defendant, Robert Kimbrell, through his counsel, Robert C. Irby, to reconsider the Court's order of November 30, 2005 denying Defendant's motion to suppress. Defendant asserts that the Court should reconsider in light of the Supreme Court case of Knowles v. Iowa, 25 U.S. 313 (1998). Specifically, Defendant asserts that the rationale of the Supreme Court in Knowles is directly applicable to the Defendant's arrest on March 29, 2003.[1] Defendant specifically argues, in his Motion to Reconsider, that "Defendant Kimbrell respectfully submits that where the situation was not serious enough to take him, or anyone else, into custody,

---

[1] As set out in the Court's Memorandum Opinion of November 30, 2005, the Defendant is before the Court in connection with two arrests. The first arrest was on March 29, 2003 and a second arrest was on May 8, 2003. See Memorandum Opinion (November 30, 2005).

the search was not one that was truly a search incident to arrest, and the fruits of the search should be suppressed." Motion to Reconsider at 3 (March 2, 2006).

The Court has reviewed the United States Supreme Court's opinion in Knowles v. Iowa, 525 U.S. 113 (1998).  In that case, an Iowa policeman stopped the defendant in connection with a traffic violation of speeding.  The officer decided to issue the defendant, Knowles, a citation, rather than to arrest the defendant.  As the Supreme Court noted in its opinion, "the officer then conducted a full search of the car, and under the driver's seat he found a bag of marijuana and a 'pot pipe.' Knowles was then arrested and charged with violation of state laws dealing with controlled substances."  Id. at 114.  The Supreme Court, in an opinion written by Chief Justice Rehnquist, rejected the State of Iowa's argument that a "search incident to citation" was equivalent to the Fourth Amendment's warrant requirement exception for a "search incident to arrest."  Id. Specifically, the Supreme Court refused to extend the "search incident to arrest" exception to "a situation where the concern for officer safety is not present to the same extent and the concern for destruction or loss of evidence is not present at all."  Id. at 119.

The Supreme Court ruling in <u>Knowles v. Iowa</u> does not affect the Court's analysis as set out in the Memorandum Opinion of November 30, 2005.  In the instant case on March 29, 2003, Officer Teeters, along with his partner, observed the Defendant operating a 1991 Mercury Sable eastbound on Chelsea Avenue with an expired license tag.  The officers stopped the vehicle at Tommy's Garage lot at the corner of Oakwood and Chelsea.  The Court, in its previous Memorandum Opinion, found that the officers noticed an odor of burnt marijuana as they approached the vehicle.  The Defendant was asked to step out of his vehicle and his driver's license was requested.  The Defendant did not have a valid Tennessee driver's license but only had a Tennessee identification card.  Additionally, at that point, the officers, looking through the open door of the vehicle, saw a cellophane bag in plain view with what appeared to be marijuana.  The Defendant was then placed in the back of the squad car under arrest.  A search of the vehicle was conducted and a .38 caliber snub-nosed handgun with six live rounds was recovered.

For the reasons previously stated in the Court's Memorandum Opinion, after review of the authority cited in Defendant's Motion to Reconsider, the Court hereby DENIES Defendant's Motion to Reconsider.

It appears that in part[2] because of the pending motion to reconsider, counsel for the Government has moved to continue the trial.  Counsel for the Defendant opposes a continuance.  Defendant's Response to Motion for Continuance of Trial (March 6, 2006).  It appears that the Government's Motion to Continue should be, and is hereby DENIED.

So ORDERED this 9th day of March, 2006.

                                                s/ JON PHIPPS MCCALLA
                                                UNITED STATES DISTRICT JUDGE

---

[2] The Government also asserts that there is a "potential conflict of interest . . . that should be litigated prior to trial." Government's Motion for Continuance of Trial (March 6, 2006).  It should be noted that the indictment in this case was returned on September 23, 2003 and Defendant made his initial appearance on December 2, 2003.  Defendant's current counsel, Robert Irby, was appointed on September 14, 2004 and has continuously represented the Defendant since that date.